**Hobert HALL, Appellant,**

v.

**Albert BALLANCE, Appellee.**

Supreme Court of Tennessee.

July 16, 1973.

William M. Leibrock, Ben W. Hooper, II, Newport, for appellant.

Chester S. Rainwater, Jr., Dandridge, for appellee.

OPINION

CHATTIN, Justice.

For convenience, the parties will be referred to as they were in the trial court: that is, Hobert Hall as the plaintiff; and Albert Ballance as the defendant.

This suit was filed in the Chancery Court of Jefferson County seeking to enjoin the execution of a default judgment obtained by the defendant against the plaintiff in the Circuit Court of Jefferson County.

The Chancellor, on motion of defendant, dismissed plaintiff's complaint.

Plaintiff perfected an appeal to this Court and has assigned as error the action of the Chancellor in sustaining the motion to dismiss.

Plaintiff alleged he was a resident of Jefferson County; that defendant brought suit against him in the General Sessions Court of Jefferson County for an alleged balance due on an open account; that, on the date of the trial, both plaintiff and defendant appeared for trial; that the Court dismissed the case stating it appeared that plaintiff owed defendant, "rather than vice versa," that later defendant appealed to the Circuit Court and obtained a default judgment against plaintiff; that the appeal and default judgment were taken without the knowledge of plaintiff; that the suit was based upon a fraudulent claim; that defendant's action, in appealing the case, without notice to plaintiff constituted a fraud on his rights; and that garnishment proceedings have been instituted against him.

The prayer of the complaint is for a restraining order restraining any further action in the execution of the default judgment.

The Chancellor did not state any ground upon which he based his dismissal of the case.

Plaintiff, however, surmises the Chancellor based his decision on the ground plain-

tiff had an adequate remedy at law. He argues that since the Chancery Court had concurrent jurisdiction of the subject matter of the suit in the Circuit Court a demurrer or a motion to dismiss on the ground of an adequate remedy at law is no longer good.

He, also, argues that the adequate remedy at law, T.C.A. Section 27–701 (writ of error corum nobis), does not bar his right to seek injunctive relief in the Chancery Court.

■ The equitable remedy of injunction is not granted as a matter of right, but is exercised only in the sound discretion of the Chancellor. Morrison v. Jones, 58 Tenn.App. 333, 430 S.W.2d 668 (1968).

"Prior to the Act of 1877, increasing the jurisdiction of the Chancery Court, the most common ground of demurrer in that court was that 'the complainant had a plain, adequate, and complete, remedy at law;' but since that Act, this ground of demurrer has almost ceased to exist, except in so far as it may be applicable to bills filed to probate wills, to enjoin suits or executions at law, or otherwise relieve against proceedings, suits, judgments, or executions at law. Where the jurisdiction of the Chancery and Circuit Courts is concurrent, the Court that first takes jurisdiction thereby acquires exclusive jurisdiction in that particular case; and if the bill should show that the Circuit Court had acquired jurisdiction, in such a case a demurrer would lie, on that ground.

"The questions of jurisdiction that now arise, are not so much questions of jurisdiction between the Courts of Equity and the Courts of law, as questions of local jurisdiction between the various Courts of Chancery, themselves.

"But while it is ordinarily true that, in cases of concurrent jurisdiction in the Circuit and Chancery Courts, a demurrer will lie to the bill, if it shows on its face that the same cause of action between the same parties is pending, or has been tried, in the Circuit Court, nevertheless, if the bill show some good reason why the Chancery Court should assume the jurisdiction, a demurrer will not hold." Gibson's Suits in Chancery, Fifth Edition, Section 301, page 345.

■ Under the facts of this case, we cannot say the Chancellor abused his discretion in dismissing the complaint on motion of defendant. The mere fact plaintiff was not advised of the appeal from the General Sessions Court to the Circuit Court is not a good reason why the Chancellor should have assumed jurisdiction.

■ We know of no rule or law that a party who appeals from an adverse judgment in a General Sessions Court to the Circuit Court is under an obligation to notify his adversary of the appeal.

Furthermore, the Chancellor could have very well denied the injunction on the ground the Circuit Court acquired exclusive jurisdiction of the case.

The decree of the Chancellor is affirmed with costs.

·DYER, C. J., HUMPHREYS and McCANLESS, JJ., and WILSON, Special Justice, concur.